IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTOPHER YOUNG                         *
        Plaintiff,
   v.                                     *   CIVIL ACTION NO. PJM-16-12

ANTHONY INGRAM                            *
        Defendant.
                           *****

**MEMORANDUM OPINION**

On January 4, 2016, Christopher Young, a resident of Clinton, Maryland, filed this self-represented Complaint against Anthony Ingram, another resident of Clinton, Maryland. He sets out the following facts in support of his cause of action:

> "[Defendant's] been stalking and harassing me through the computer for years. I have a lot of evidence saved on the computer."

ECF No. 1 at p. 2. Young seeks damages of $5,000.00 for "emotional distress." *Id*. at p. 3. He has filed a Motion for Leave to Proceed In forma Pauperis. ECF No. 2. Because he appears indigent, leave to proceed without prepayment of the filing fee shall be granted. Young's Complaint shall, however, be dismissed without prejudice for lack of subject matter jurisdiction.

A Court may consider subject matter jurisdiction as part of its initial review of the Complaint. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"). In general, if subject matter jurisdiction is lacking in an action before a court, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Consequently a federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the Court has an obligation to consider its subject matter jurisdiction *sua sponte*. *See Joseph v. Leavitt,* 465 F.3d 87, 89 (2d Cir. 2006). "[Q]uestions of  subject-matter jurisdiction

may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.,* 369 F.3d 385, 390 (4th Cir. 2004).

District courts have original jurisdiction pursuant to 28 U.S.C. § 1331 "of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Under the "well-pleaded complaint doctrine," federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Fourth Circuit has observed that "[t]here is no 'single, precise definition' of what it means for an action to 'arise under' federal law." *Verizon Md., Inc. v. Global NAPS, Inc.,* 377 F.3d 355, 362 (4th Cir. 2004) (quoting *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808 (1986)). Indeed:

> The Supreme Court has recognized § 1331 jurisdiction in a variety of cases, such as (1) when a federal right or immunity forms an essential element of the plaintiff's claim; (2) when a plaintiff's right to relief depends upon the construction or application of federal law, and the federal nature of the claim rests upon a reasonable foundation; (3) when federal law creates the cause of action; and (4) when the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Id.* (internal citations and quotations omitted).

The Court has carefully reviewed Young's Complaint and finds that a federal claim is not readily apparent. At best, Young's cause of action alleges nothing more than tortious conduct on the part of Defendant. Thus, he has failed to set out a colorable claim under 28 U.S.C. § 1331.

Since the Court has determined that federal question jurisdiction is lacking, the only possible basis for jurisdiction over Young's tort claim is diversity of citizenship. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. When a party seeks to invoke diversity jurisdiction under § 1332, he

or she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

Both Young and Ingram reside in Maryland. Therefore, the Complaint does not satisfy diversity of citizenship requirements and shall be dismissed for lack of subject matter jurisdiction. A separate Order shall be entered in accordance with this Memorandum Opinion.

January 7, 2016

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE